IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                          )<br>                        Plaintiff,          )<br>                                                          )<br>              v.                                       )<br>                                                          )<br>ROMANDO MORSE,                          )<br>                                                          )<br>                        Defendant.      )<br>_____ ) | 8:07CR395<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the United States' objection, Filing No. 28, to Magistrate Judge F.A. Gossett's Report and Recommendation (hereinafter, "R&R"), Filing No. 27. Romando Morse was indicted on November 15, 2007, on one count of possession with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and for forfeiture of property pursuant to 21 U.S.C. § 853. Filing No. 1. On February 19, 2008, Morse filed an amended motion to suppress evidence contending that the officers failed to advise him of his rights prior to questioning, in violation of *United States v. Miranda*, 384 U.S. 436 (1966), and the Fourth and Fifth Amendments of the Constitution of the United States. The defendant also alleges law enforcement conducted an unlawful pat-down search of his person, in violation of his Fourth Amendment rights. Filing No. 20. A hearing was held in front of Magistrate Judge F.A. Gossett on March 4, 2008, at which Sergeant Gerald D. Baggett of the Omaha Police Department ("OPD") testified. Filing No. 26. On March 25, 2008, the magistrate judge filed a report recommending that the amended motion to suppress be granted. Filing No. 27. The United States filed an objection on April 3, 2008, Filing No. 28, and its brief in support of

its objection on April 4, 2008. Filing No. 29. On April 25, 2008, Morse filed his response to the United States' objections. Filing No. 32.

Under 28 U.S.C. § 636(b), the court has conducted a *de novo* review of those portions of the report or recommendations to which defendant objects. *United States v. Lothridge*, 324 F.3d 599, 601 (8th Cir. 2003). Additionally, the court has reviewed the record, including the transcript of the hearing, and finds that the United States' contentions lack merit. The court accepts the facts set out in the R&R, and they need not be repeated herein, except to the extent necessary to this court's findings. The court determines it will adopt the R&R of the magistrate judge and grant the defendant's motion to suppress.

## BACKGROUND

On August 31, 2007, Sergeant Baggett and his partner, Officer Frank Platt, of the Omaha Police Department initiated a stop of a brown 1993 Lincoln Continental with several air fresheners hanging from the rearview mirror, in violation of the traffic laws of the state of Nebraska. Baggett testified that as his partner spoke with the driver, he talked with the passenger and asked for his identification. While Baggett could not remember whether or not the passenger produced identification, he did remember that the passenger identified himself as Romando Morse, and he gave Baggett his date of birth. Baggett noted Morse was cooperative. While Platt conducted a records check of the driver and Morse, Baggett engaged Morse in small talk. After the driver's suspension was confirmed, Baggett advised Morse that the police were going to search the car incident to the arrest of the driver and asked Morse to exit the vehicle. After Morse exited the vehicle, Baggett advised him that he was going to conduct a pat-down search. Baggett asked Morse if he had anything on him that Baggett should know about. Morse told Baggett he did have something that

Baggett should be aware of, crack cocaine in his pocket. Baggett asked Morse which pocket and Morse responded, "that one." Baggett then patted the indicated pocket stating, "right there?" Morse responded, "yes." Baggett advised Morse he was under arrest and told him he was going to remove the crack cocaine. Baggett then asked if there was anything else that would poke him or be a danger to him and Morse responded, "no." Baggett testified that during his contact with Morse, that no bad words or ill was expressed and that Morse was very polite and very congenial. Baggett also noted the stop occurred during daylight.

On cross-examination Baggett stated that he didn't really have to pat-search Morse, but that he generally pats down a good portion of the people he comes into contact with who are removed from a car out of which someone was arrested. Baggett admitted that the stop of the vehicle was not based on a violent crime and he had no reason to believe that the driver was armed or dangerous. Morse was told to exit the vehicle and was told he would be free to leave as soon as the police were "done with the driver and everything was taken care of." Had Morse tried to walk away, Baggett "probably would have stopped him until we got a . . . records check back on him. And at that point he would have been free to go."

Romando C. Morse testified that he was a passenger in a car when it was pulled over by Baggett and Platt. Morse testified that after the vehicle stopped and after the driver was pulled from the vehicle, he provided his identification to Baggett, who walked back to the patrol car for a few minutes before returning and asking him to step out of the car. Morse noted that Baggett then told him to put his hands on the car and Baggett began a pat-down search. Morse testified that as Baggett patted him down, Baggett put his hands

3

on the right cargo pocket of Morse's pants and asked if Morse had a little weed in the pocket. Morse responded, "no, sir, crack cocaine." Morse stated that he did not feel free to leave at any point during his contact with Baggett.

**LAW**

The United States argues that Morse was not in "custody" such that *Miranda* warnings were necessary before he volunteered that he had narcotics on his person. The United States has admitted that under *Terry v. Ohio,* 392 U.S. 1 (1968), there was no probable cause to conduct a pat-down. Filing No. 29, p. 2. Thus, the court must determine whether the statement was made when Morse was in custody.[1]

This court agrees with the magistrate judge's analysis under *Brendlin v. California,* 127 S. Ct. 2400 (2007). The applicable question is whether a reasonable person in the passenger's position when the car stopped would have believed himself free to terminate the encounter between the police and himself. *Id*. at 2406. Given the testimony of Sergeant Baggett that he informed Morse that he could not leave until "we're done with the driver and everything is taken care of," Morse reasonably believed that he was not free to terminate the encounter. In the circumstances of this case, any reasonable passenger would have understood the police officers to be exercising control to the point that Morse was not free to depart without police permission. *Id.* at 2406-2407.

The United States argues that *Berkemer v. McCarty*, 468 U.S. 420 (1984) controls this matter.  In *Berkemer*, the driver of a vehicle was stopped and questioned for possible intoxication, the court held that the "roadside questioning of a motorist detained pursuant

---

[1] If the court were to determine that Morse's statement was made after the pat-down began, the outcome would be the same. Sergeant Baggett did not have adequate reasons to conduct a pat-down search and, therefore, violated Morse's Fourth Amendment rights.

4

to a routine traffic stop" is not subject to *Miranda*. Unlike *Berkemer*, in this case the questioning of the passenger was not in connection to the reason for the stop and far exceeded a routine roadside questioning. Further, the driver of the vehicle was already under arrest, and Sergeant Baggett indicated to Morse that he would be subject to a pat-down. Being subjected to a pat-down search and questioning connected to a pat-down search cannot be said to be part of a routine misdemeanor traffic stop.

> The purposes of the safeguards prescribed by Miranda are to ensure that the police do not coerce or trick captive suspects into confessing, to relieve the "inherently compelling pressures" generated by the custodial setting itself, "which work to undermine the individual's will to resist," and as much as possible to free courts from the task of scrutinizing individual cases to try to determine, after the fact, whether particular confessions were voluntary.

Berkemer, 468 U.S. at 433. Further, the court finds that the facts of *United States v. Baker,* 2006 WL 1720469 (D. Neb. 2006), differ from the facts of this case and, therefore, the findings in that case are not instructive. Therefore, the court adopts the R&R of the magistrate judge, and overrules the objections of the United States. Accordingly,

IT IS ORDERED:

1.   The United States' objection to the magistrate's findings (Filing No. 28) is overruled.

2.   The R&R of the magistrate judge (Filing No. 27) is adopted.

3.   The defendant's amended motion to suppress (Filing No. 20) is granted.

DATED this 21st day of May, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge